66 F.3d 307
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Jose ORTIZ-PEREZ a/k/a Jose Perez, a/k/a Johnny Rendon,
a/k/a Mario Lopez Defendant, Appellant.
 No. 94-2236.
 United States Court of Appeals, First Circuit.
 Sept. 26, 1995.
 
 Ralph J. Perrotta on brief for appellant.
 Sheldon Whitehouse, United State Attorney, Margaret E. Curran and Michael P. Iannotti, Assistant United States Attorneys, on brief for appellee.
 Before SELYA, STAHL and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 On May 4, 1994, appellant Jose Ortiz-Perez was indicted on one count of reentering the United States, after having been deported, without having obtained permission to reenter from the Attorney General, in violation of 8 U.S.C. Sec. 1326. On June 6, 1994, he moved to dismiss the indictment. While Ortiz-Perez concedes that his reentry was illegal, he claims that the government misled him concerning his right to reenter and therefore should be estopped from prosecuting him for his illegal reentry. After the motion was denied, Ortiz-Perez entered an unconditional plea of guilty. He now appeals the denial by the district court of his motion to dismiss.
 
 
 2
 This court has held "with monotonous regularity that an unconditional guilty plea effectuates a waiver of any and all independent non-jurisdictional lapses that may have marred the case's progress up to that point, thereby absolving any errors in the trial court's antecedent rulings (other than errors that implicate the court's jurisdiction)." United States v. Cordero, 42 F.3d 697, 699 (1st Cir.1994) (citations omitted). A claim of estoppel is an affirmative defense, not a challenge to the court's jurisdiction. Fed.R.Civ.P. 8(c). Therefore, by entering an unconditional plea of guilty, Ortiz-Perez has waived any right to appeal the district court's denial of his motion to dismiss the indictment.[1]
 
 
 3
 The government's motion for summary affirmance is granted. See 1st Cir. R. 27.1.
 
 
 
 [1]
 Even if appellant's claim had not been waived, we would find it to be without merit